UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Michelle DeMino, on behalf of herself and all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>Randstad North America, Inc.; Randstad US, LLC; Randstad Professionals US, LLC; and Randstad Technologies, LLC,<br><br>Defendants | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Index No.  19-cv-6931 |

## NATURE OF ACTION

1. This is a proceeding for relief to redress the deprivation of rights secured to Plaintiff individually, as well as all other employees similarly situated, under the Fair Labor Standards Act of 1938 ("FLSA") and the New York Labor Law ("NYLL") (collectively the "Class Members").

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1337; 28 U.S.C. § 1343 (3) and (4); and 29 U.S.C. § 216(b).

3. This Court's supplemental jurisdiction of claims arising under New York State Law is also invoked, pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391(b).

1

## PLAINTIFF

5. Plaintiff Michelle DeMino is an individual residing in the Town of Penfield, County of Monroe and State of New York.

6. Plaintiff was employed by Defendant in the capacity of Account Manager from approximately June 25, 2012 through approximately April 20, 2018.

7. Plaintiff worked primarily at Defendants' offices located at 530 Willowbrook Office Park, Fairport NY 14450.

8. Defendants characterize Plaintiff's position of Account Manager, including in job postings, as a sales position.

9. At all relevant times, Plaintiff was an employee of Defendants' for purposes of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

10. Plaintiff's job duties centered on placing temporary and permanent employees with Defendants' business customers.

11. Plaintiff was required to keep regular hours at Defendants' business location as well as meet with Defendants' customers at other locations and attend various events, such as lunches and networking functions, many of which took place after regular business hours.

12. Plaintiff was required to report to work at Defendants' business location at 8:00 a.m. Monday through Friday and work until at least 5:00 p.m. In addition, Plaintiff was required to work as late as necessary in order to accommodate Defendants' business needs.

13. Plaintiff was not permitted to set her own schedule and perform her duties at times and places of her own choosing.

14. Plaintiff routinely worked evenings to, among other things, summarize the workday, prepare for the following date, make business calls, send business emails, meet with coworkers, meet and communicate with Defendants' customers, and attend various networking events.

15. Plaintiff did not receive an uninterrupted lunch break each day and routinely attended business lunches in performance of her job duties.

16. During Plaintiff's employment with Defendants she was paid salary and commission. The amounts Plaintiff was paid were unrelated to the number of hours she worked, and she was not paid any additional amounts for hours worked in excess of forty in a single workweek.

17. Plaintiff routinely and regularly worked approximately 6 hours each week after 5:00 p.m.

18. The actual number of hours Plaintiff worked each week are the responsibility of Defendants to maintain and are therefore in Defendants' possession and control.

19. A reasonable estimate of the number of hours worked each week in excess of 40, based on Plaintiff's reasonable recollection, is 11, comprised of 5 days from 8:00 a.m. until 5:00 p.m. plus 6 hours each week after 5:00 p.m.

20. Plaintiff's compensation varied each year but was approximately:

    2014   $71,273.49
    2015   $91,973.70
    2016   $78,096.46
    2017   $94,501.20
    2018   $30,195.95 (January 1 through April 6)

21. Plaintiff's regular rate for the above periods can be calculated by dividing each week's gross pay, including commissions, by 40. Plaintiff's overtime rate for the above periods can be calculated by multiplying her regular rate by 1.5.

22. Based on the above estimates and calculations, Plaintiff is owed the following unpaid overtime:

| Year | OT Hours | OT Rate | Total Owed |
|---|---|---|---|
| 2014 | 572 | $51.40 | $29,400.31 |
| 2015 | 572 | $66.20 | $37,864.90 |
| 2016 | 572 | $56.32 | $32,214.79 |
| 2017 | 572 | $68.15 | $38,981.75 |
| 2018 | 171 | $80.88 | $13,830.82 |
| Total | | | $152,292.57 |

23. In addition to the above, Plaintiff is entitled to liquidated damages of equal amount, interest at an annual rate of 9%, and costs and attorney's fees.

24. Plaintiff was not paid all commission that she was owed, including, but not limited to:

| Description | Amount |
|---|---|
| Placement of Ryan Wolfe | $740.00 |
| Placement of Shannon O'Brien | $3,300.00 |
| Placement of Troy Frappier | $1,160.00 |
| Gross Profit Kicker | $1,500.00 |
| Solution Sales; Kathy Pomponio | Amount in possession and control of Defendants, estimated to be $800.00 |

25. Plaintiff has made repeated requests of Defendants to pay the above commissions in full, which requests have been denied.

## DEFENDANTS

26. Defendant Randstad North America, Inc. is a foreign corporation authorized to do business in the State of New York with a principal executive office located at 3625 Cumberland Blvd., Ste 600, Atlanta GA 30339.

27. At all relevant times, Randstad North America, Inc. was the employer of Plaintiff and Class Members for purposes of the FLSA and NYLL.

28. Defendant Randstad US, LLC is a foreign limited liability company authorized to do business in the State of New York with a principal executive office located at 3625 Cumberland Blvd., Ste 600, Atlanta GA 30339.

29. At all relevant times, Randstad US, LLC was the employer of Plaintiff and Class Members for purposes of the FLSA and NYLL.

30. Defendant Randstad Professionals US, LLC is a foreign limited liability company authorized to do business in the State of New York with a principal executive office located at 3625 Cumberland Blvd., Ste 600, Atlanta GA 30339.

31. At all relevant times, Randstad Professionals US, LLC was the employer of Plaintiff and Class Members for purposes of the FLSA and NYLL.

32. Defendant Randstad Technologies, LLC is a foreign limited liability company authorized to do business in the State of New York with a principal executive office located at 3625 Cumberland Blvd., Ste 600, Atlanta GA 30339.

33. At all relevant times, Randstad Technologies, LLC was the employer of Plaintiff and Class Members for purposes of the FLSA and NYLL.

34. Upon information and belief, the above-described Defendants are inter-related and/or wholly owned by one or more entity in common. The above-listed Defendants are individually and collectively referred to herein as 'Defendant' or 'Defendants'.

## CLASS MEMBERS

35. Class Members are those employees of Defendant's with similar job duties to those of Plaintiff's and who worked in excess of 40 hours in a single workweek but were not paid additional amounts of at least one and one-half times their regular rate for said hours.

36. During Plaintiff's employment with Defendants, she communicated with numerous individuals with the job title of Account Manager who performed the same duties as her and worked in excess of forty hours in a single workweek without additional compensation. The aforesaid individuals include: Jill Graham Broikos, Brett Kelly, Naomi Torsleff, and Dan Huntington.

FIRST CAUSE OF ACTION:  FLSA

37. Plaintiff and Class Members reallege the above paragraphs as if fully restated herein.

38. Defendants have knowledge of their responsibilities and obligations under the FLSA.

39. Defendants have failed to make, keep and preserve true and accurate records of the hours worked by Plaintiff and Class Members, in violation of the FLSA.

40. Defendants violated their obligations under the FLSA and are liable to Plaintiff and Class Members.

41. Further, Defendants' violations of their obligations under the FLSA were willful.

42. Plaintiff and Class Members were not paid at least one and one-half times their regular hourly rates for each hour worked in excess of forty in a single workweek, as required by the FLSA.

43. Plaintiff and Class Members are entitled to unpaid overtime, liquidated damages, interest, and costs and attorney's fees, pursuant to the FLSA.

SECOND CAUSE OF ACTION:  NYLL

44. Defendants have knowledge of their responsibilities and obligations under the NYLL.

45. Defendants failed to pay all wages due to Plaintiff and Class Members on regular days designated in advance pursuant to NYLL.

46. Defendants have failed to make, keep and preserve true and accurate records of the hours worked by Plaintiff and Class Members, in violation of the NYLL.

47. Defendants have willfully violated the NYLL, and the supporting regulations issued by the New York State Department of Labor, with respect to their obligations to Plaintiff and Class Members.

48. Plaintiff and Class Members are entitled to unpaid overtime, liquidated damages, interest, and costs and attorney's fees, pursuant to the NYLL.

### THIRD CAUSE OF ACTION:  UNPAID COMMISIONS

49. Defendants have failed to pay Plaintiff commissions that she is owed.

50. Defendants' refusal to pay Plaintiff owed commissions is willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and Class Members demand judgment against Defendants, and respectfully request that this Court grant the following relief:

a. an award crediting Plaintiff for unpaid commissions, together with liquidated damages, interest and costs and attorney's fees;

b. an award crediting Plaintiff and Class Members for all hours worked, at the appropriate hourly rates;

c. an award of the value of the value of Plaintiff's and Class Members' unpaid hourly wages;

d. liquidated damages under the FLSA and NYLL equal to the sum of the amount of wages not properly paid to Plaintiff and Class Members;

e. an award of reasonable attorneys' fees, expenses, expert fees, and all other costs incurred in vindicating the rights of Plaintiff and Class Members;

f. an award of pre- and post-judgment interest;

g. the amount equal to the value which would make Plaintiff and Class Members whole for the violations; and

h. such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and Class Members demand a trial by jury on all questions of fact raised by the Complaint.

Dated: December 28, 2019

/s/
Robert Mullin
Ferr & Mullin, P.C.
Attorneys for Plaintiff
7635 Main St. Fishers
P.O. Box 440
Fishers, NY 14453
t (585) 869-0210
f (585) 869-0223
rlmullin@FerrMullinLaw.com