UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE DEMINO, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>RANDSTAD TECHNOLOGIES, LLC,<br><br>　　　　Defendant. | Case No. 6:19-cv-06931 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT OF FLSA CLAIM**

### I.   INTRODUCTION

Plaintiff Michelle DeMino ("Plaintiff") and Defendant Randstad Technologies, LLC ("Defendant") seek the Court's approval of their agreement settling Plaintiff's claim against Defendant for purported violation of the Fair Labor Standards Act ("FLSA") (the "FLSA Claim"). The settlement is the product of serious, informed, and arm's-length negotiations between the Parties' respective counsels, and compensates Plaintiff for a fair and reasonable amount of the allegedly unpaid overtime hours she claims to have worked within the statutory period. It also includes a standard and reasonable 30% fee for her counsel. Accordingly, the Parties respectfully request the Court approve the Settlement Agreement and dismiss this action with prejudice.[1]

### II.   BACKGROUND

On December 28, 2019, Plaintiff filed the instant action against Defendant, asserting claims

---

[1] The parties have separately settled all Plaintiff's non-FLSA claims in this litigation.

for, among other things, purported violations of the FLSA.[2] (*See generally* D.E. 1.) In support of her claims, Plaintiff alleged that Defendant failed to pay her "at least one and one-half times [her] regular hourly rates for each hour worked in excess of forty in a single week" as required by the FLSA, and failed to "make, keep and preserve true and accurate records of the hours worked by Plaintiff." (*Id.* ¶¶ 39, 42.) Plaintiff served Defendant with the Complaint and Summons on January 30, 2020. (D.E. 5.) After obtaining an extension of its response deadline, Defendant answered the Complaint on March 5, 2020, denying Plaintiff's allegations and denying that it violated the FLSA or any other applicable law. (D.E. 8, 13.)

Upon receiving the Complaint, Defendant immediately began investigating Plaintiff's allegations and claims. (Affidavit of Nathan D. Chapman ("Chapman Aff.") ¶ 5.) Over the next six weeks, the Parties (via their counsel) engaged in detailed and thorough discussions regarding the merits of Plaintiff's individual and class claims against Defendant. (*Id.* ¶ 6.) Among other topics, they discussed the Parties' competing views on: (1) whether Plaintiff was an exempt employee who was not entitled to overtime compensation; and (2) the amount of compensation to which Plaintiff would potentially be entitled as a non-exempt employee. (*Id.* ¶ 7.)

Ultimately—and only after serious, informed, and arm's-length negotiations—the Parties arrived at the proposed settlement represented in the Settlement Agreement. (*Id.* ¶ 8, Ex. A.) Pursuant to the Settlement Agreement, Defendant will pay $5,000 to resolve Plaintiff's FLSA Claim, of which $3,500 would be paid directly to Plaintiff and $1,500 to Plaintiff's counsel. (*Id.*, Ex. A.) The Parties believe this payment appropriately reflects the risks they face in litigating the

---

[2] Plaintiff originally named as defendants Randstad Technologies, LLC, Randstad North America, Inc., Randstad US, LLC, and Randstad Professionals US, LLC. (D.E. 1.) On February 19, 2020, Plaintiff dismissed this action as to defendants Randstad North America, Inc., Randstad US, LLC, and Randstad Professionals US, LLC. (D.E. 9.) Defendant Randstad Technologies, LLC is the only remaining defendant.

FLSA Claim and fairly and reasonably compensates Plaintiff for the overtime hours she claims to have worked, solely for purposes of compromising disputed claims. (*Id.* ¶ 9.) Accordingly, the Parties now move the Court for approval of the Settlement Agreement.

### III.     ARGUMENT AND CITATION OF AUTHORITY

#### A.     Legal Standard for Approval of FLSA Settlements

Claims brought under the FLSA may only be settled and dismissed with prejudice upon "approval of the district court" or the Department of Labor. *See*, *e.g.*, *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015); *see also* 29 U.S.C. § 253(a) (FLSA claims may be compromised "if there exists a bona fide dispute as to the amount payable by the employer to his employee"). Court approval is appropriate where the proposed settlement "reflects a reasonable compromise over contested issues." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 585 (S.D.N.Y. 2015); *accord Delgado v. Tech. Inst. of Am., Inc.*, No. 17 Civ. 7588, 2018 WL 637761, at *1 (S.D.N.Y. Jan. 30, 2018) ("[T]there is a strong presumption in favor of finding a settlement fair, because the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement.") (citing *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013)).

#### B.     The Settlement Terms Are Fair and Reasonable

In evaluating a proposed FLSA settlement, courts in this Circuit typically consider: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (explaining factors). Each factor supports approval here.

First, the proposed $5,000 compromise payment, of which $3,500 is to be paid directly to Plaintiff, falls reasonably within Plaintiff's range of possible recovery on her FLSA Claim based on a review of Defendant's available records. On the low end, Plaintiff may receive $0 on her FLSA Claim should Defendant prevail on its argument that Plaintiff was an exempt employee and therefore not entitled to overtime compensation. On the high end, Defendant's records show that *if* Plaintiff was not properly classified as exempt from the FLSA, she would be entitled to $2,273.80 using Plaintiff's preferred time-and-a-half calculation method (or, using Defendant's preferred half-time calculation, only $659.07). (Chapman Aff. ¶ 10.) The $3,500 payment represents ***over 100%*** of Plaintiff's highest-end award estimate based on Defendant's available records and supports approval of the Settlement Agreement. *See Redwood v. Cassway Contracting Corp.*, No. 16 Civ. 3502, 2017 WL 4764486, at *2 (S.D.N.Y. Oct. 18, 2017) (settlement of 29.1% of FLSA recovery is reasonable); *see also City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 n.2 (2d Cir. 1974) ("In fact there is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery.") *abrogated on other grounds*, 209 F.3d 43; *Rutland v. Visiting Nurse Assoc. of Central Fla., Inc.*, No. 6:07-CV-1130-ORL-19DAB, 2018 WL 3833254 (M.D. Fla. July 29, 2008) (approving settlement of approximately 6% of the wages originally claimed).

Second, approval of the Settlement Agreement would indisputably allow the Parties to avoid the substantial costs and attorneys' fees they would otherwise incur litigating this matter. Indeed, were a settlement not reached at this early stage of the case, the Parties would need to engage in written discovery, take and defend numerous depositions, prepare summary judgment

4

briefs, address potential class and collective action claims, and potentially prepare for and conduct trial.³ Settlement eliminates these costs and weighs in favor of approval of the Parties' agreement.

Third, both Parties face risks should this case proceed to trial. For example, Defendant will argue that Plaintiff was properly classified as exempt and therefore not entitled to overtime compensation under the FLSA—an argument that poses a serious risk to the viability of Plaintiff's FLSA Claim, especially given that Plaintiff's precise job position ("Account Manager") and duties have been held to be exempt from the FLSA's overtime requirements. *See Perry v. Randstad Gen. Partner (US) LLC*, No. 14-11240, 2018 WL 2363979, at *4–5 (E.D. Mich. May 24, 2018) (holding Account Managers exempt under the FLSA's outside sales and combination exemptions). Even if the Court disagrees and holds Plaintiff was a non-exempt employee entitled to overtime, the Parties will then dispute the proper method by which to calculate overtime payments (*i.e.*, time-and-a-half or half-time calculations) and whether Plaintiff can demonstrate that any violation was "willful" (as required to recover liquidated damages and extend the statute of limitations to three years). *See Wills v. RadioShack Corp.*, 981 F. Supp. 2d 245, 254 (S.D.N.Y. 2013) (discussing application of the fluctuating workweek half-time overtime calculation versus the regular time-and-a-half calculation); 29 U.S.C. § 216(b) (authorizing liquidated damages). The Settlement Agreement accounts for these risks, which therefore supports approval. *See Meigel v. Flowers of the World, NYC, Inc.,* No. 11 Civ. 465(KBF), 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012) (approving FLSA settlement where parties disputed FLSA exemption).

As to the fourth and fifth factors, the Settlement Agreement is the result of an arm's-length negotiation between experienced counsel and is not collusive. The Parties engaged in extended discussions regarding the merits of Plaintiff's claims before agreeing to the terms set forth in the

---

³ No other individuals have opted into this litigation under 29 U.S.C. § 216(b).

Settlement Agreement. The Parties' counsels are also experienced attorneys with a history of representing clients in similar employment disputes, weighing heavily in support of approval. Indeed, Defendant's counsel has handled hundreds of FLSA cases over the past 15 years and Plaintiff's counsel has handled many FLSA cases over the past 13 years, both single plaintiff cases and collective actions. *See In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 576–77 (S.D.N.Y. 2008) ("[A] strong presumption of fairness attaches to a class action settlement reached in arm's-length negotiations among able counsel."). Further, there are no clauses in the Settlement Agreement—such as an overly broad confidentiality requirement—that would suggest collusion or mitigate against approval. *See generally Flood v. Carlson Rest. Inc.*, 14 Civ. 2740(AT)(GWG), 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015) (denying approval due to confidential clause prohibiting disclosure of settlement agreement).

Accordingly, all *Wolinsky* factors support approval of the Settlement Agreement and dismissal of Plaintiff's Labor Claims with prejudice.

### C.   Plaintiff's Counsel's Fees Are Fair and Reasonable

The portion of the Settlement Agreement that will ultimately be paid to Plaintiff's counsel, $1,500, is also fair and reasonable. This amount was negotiated after the Parties first agreed to the $5,000 settlement sum and represents a standard 30% fee that courts across this Circuit uniformly approve. *See Febus v. Guardian First Funding Group, LLC*, 870 F. Supp. 2d 337, 340–41 (S.D.N.Y. 2012) ("a fee that is one-third of the fund is typical" in FLSA cases); *Hiang v. Chiang*, No. 16 Civ. 1129, 2016 WL 6069505, at *3 (S.D.N.Y. Oct. 14, 2016) (awarding attorneys' fees of one-third of settlement amount in FLSA case). Therefore, the Parties jointly request the Court approve of the Settlement Agreement, including the payment to Plaintiff's counsel set forth therein.

## IV. CONCLUSION

The Settlement is reasonable and fair in all respects. Accordingly, the Parties respectfully request the Court approve the settlement, dismiss this action with prejudice, retain jurisdiction to enforce the Settlement Agreement, and for such other relief as this Court deems just and proper.

Respectfully submitted, this 29th day of July, 2020.

| | |
|---|---|
| FERR & MULLIN, P.C. | KABAT CHAPMAN & OZMER LLP |
| *s/ Robert Mullin* | *s/ Nathan D. Chapman* |
| Robert Mullin | Nathan D. Chapman |
| Ferr & Mullin, P.C. | *Pro Hac Vice* |
| 7635 Main St. Fishers | Abigail Stecker Romero |
| P.O. Box 440 | *Pro Hac Vice* |
| Fishers, NY 14453 | KABAT CHAPMAN & OZMER LLP |
| t (585) 869-0210 | 171 17th St. NW, Suite 1550 |
| f (585) 869-0211 | Atlanta, Georgia 30363 |
| rlmullin@FerrMullinLaw.com | T: (404) 400-7300 |
| | F: (404) 400-7333 |
| *Counsel for Plaintiff* | nchapman@kcozlaw.com |
| | aromero@kcozlaw.com |
| | |
| | and |
| | |
| | M. Rogan Morton, Esq. |
| | **ATTORNEY AND COUNSELOR AT LAW** |
| | 21 Rugby Road, Suite 300 |
| | Buffalo, New York 14216 |
| | T: (716) 432-2764 |
| | F: (716) 408-9571 |
| | rmorton@roganmmortonlaw.com |
| | |
| | *Counsel for Defendant* |

## SIGNATURE CERTIFICATION

Pursuant to Section 2(G)(iv) of the Administrative Procedures Guide for Electronic Filing, I hereby certify and confirm that that the content of this document is acceptable to Robert Mullin, Esq., counsel for Plaintiff, and that I have obtained his authorization to affix his electronic signature to this document.

DATED: July 29, 2020

                                          *s/ Nathan D. Chapman*
                                          Nathan D. Chapman
                                          *Pro Hac Vice*
                                          KABAT CHAPMAN & OZMER LLP
                                          171 17th St. NW, Suite 1550
                                          Atlanta, Georgia 30363
                                          T:  (404) 400-7300
                                          F:  (404) 400-7333
                                          nchapman@kcozlaw.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that, on July 29, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*s/ Nathan D. Chapman*
Nathan D. Chapman
*Pro Hac Vice*
KABAT CHAPMAN & OZMER LLP
171 17th St. NW, Suite 1550
Atlanta, Georgia 30363
T:  (404) 400-7300
F:  (404) 400-7333
nchapman@kcozlaw.com
